76703. YAMAHA OF ATLANTA, INC. v. YAMAHA MOTOR CORPORATION U. S. A. et al.
(373 SE2d 95)

POPE, Judge.

Appellant (hereinafter "dealer") was a retail dealer of Yamaha motorcycle products and services. It operated under separate but identical written agreements with both appellees (hereinafter "suppliers") which, in exchange for financing, granted to the suppliers a security interest in all Yamaha-brand products in the dealer's possession at the time the agreements were entered into in 1979 and all such products acquired thereafter from the suppliers. According to the terms of the written agreements, the suppliers were granted the right to take immediate possession of the secured property in the event the dealer defaulted on any terms or conditions of the agreements.

On September 25, 1984, the suppliers filed a personal property

foreclosure action against the dealer. They also filed a sworn affidavit stating the dealer was in default and applied for a writ of immediate possession of the secured property. The writ was granted and the suppliers repossessed their collateral. In response to the foreclosure action, the dealer filed an eight-count counterclaim. Summary judgment in favor of the suppliers on one count of the counterclaim was affirmed by the Georgia Supreme Court. *Yamaha of Atlanta, Inc. v. Yamaha Motor Corp., USA*, 257 Ga. XXVIII (1987). The trial court granted the suppliers' motion to dismiss the remaining seven counts of the counterclaim. The dealer appeals the dismissal of three of the counts of the counterclaim.

1. The dealer alleged the suppliers' repossession of collateral amounted to tortious interference with its contractual rights since the repossession effectively closed the dealer's business. It is undisputed that the dealer breached the security agreement when the casualty insurance on the secured property lapsed. Pursuant to the terms of the security agreement, the suppliers were granted a contractual right to take immediate possession of the secured property in the event of default on any term of the agreements. No cause of action exists against a party to a contract for exercising its contractual rights. Cf. *Parks v. Atlanta News Agency*, 115 Ga. App. 842 (156 SE2d 137) (1967) (in which this court held no cause of action for tortious injury arises out of one party's refusal to continue a business relationship that is terminable at will). Thus, the trial court did not err in dismissing the dealer's counterclaim for tortious interference with contractual rights.

2. The dealer also claimed the suppliers are liable for "wrongful levy," either because the suppliers did not have the right to repossess the property or because the suppliers repossessed property valued in excess of that amount owed by the dealer. As noted above, the written agreements between the parties granted the suppliers the right to immediate possession of *all* Yamaha products in the dealer's possession upon default of any term of the agreements. The record shows the suppliers followed the procedures set forth in OCGA § 44-14-230 et seq. by obtaining a writ of possession from the court for repossessing the collateral over which they held a security interest. The evidence shows the suppliers did not wrongfully repossess the secured property. Pursuant to Georgia law, if the secured property is sold for an amount in excess of the debt, "the secured party must account to the debtor for any surplus . . . ." OCGA § 11-9-504 (2). If, on the trial of the foreclosure action, excess proceeds from the sale of collateral are shown, then the dealer will be entitled to them pursuant to said statute. However, the dealer has shown no cause of action for wrongful levy.

3. The dealer also filed a counterclaim for abuse of process. Sub-

sequent to the filing of that claim, abuse of process was merged into the new tort of "abusive litigation" by the holding in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). See *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790 (4) (359 SE2d 920) (1987). In order to prevail the dealer must show, in regard to the suppliers' claim, "such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim . . . ." *Yost* at 96. In this case, the court did accept the asserted claim by granting the writ of immediate possession. Neither can the dealer show that the suppliers' foreclosure action lacked substantial justification, as defined in *Yost*. As noted above, the undisputed evidence established the suppliers were granted a contractual right to repossess the property. Thus, the dealer's counterclaim for abusive litigation was properly dismissed.

4. The order granting dismissal of the counterclaim recites that it is based upon the pleadings as well as evidence presented in the case. Therefore, the motion to dismiss was effectively converted to a motion for summary judgment. Accordingly, direct appeal from the order granting the motion was appropriate and the suppliers' motion to dismiss the appeal is denied.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 15, 1988.

*Scott Walters, Jr.*, for appellant.
*James A. Pardo, Jr., Dan H. Willoughby, Jr., Gordon A. Smith*, for appellees.