A89A2081. McCLURE et al. v. EQUITABLE REAL ESTATE
INVESTMENT MANAGEMENT, INC.
(392 SE2d 272)

POPE, Judge.

Appellants William Dennis McClure and Jessie Alice McClure appeal from the grant of summary judgment to appellee Equitable Real Estate Investment Management, Inc. (Equitable) on their claims for negligence and loss of consortium, respectively. McClure was injured when he received an electrical shock as he installed a new heating, ventilation and air-conditioning (HVAC) unit in a building owned by Equitable. *Held*:

We affirm. The record on motion for summary judgment established that Equitable contracted with Natkin Service Company to be the general contractor to remove the old HVAC unit at its building and to install a new one. Natkin, in turn, subcontracted with George W. Rice Sheet Metal Company to install the duct work. Rice employed appellant McClure. A provision of the contract required Natkin to "take all reasonable precautions to protect persons and property." Shortly before beginning work, George W. Rice went with Charles Booker, who worked for Natkin, to inspect the job site. While there, Rice removed some ceiling tile and as he took a measurement, he felt an electrical shock. He saw a junction box without a cover and uninsulated wires sticking out of the box. He informed Charles Booker of this but told no one else. Equitable denied any knowledge of any electrical hazard. The record also contains some speculation

that the electrical shock to McClure resulted from a drill he was using.

Although property owners owe a duty to their own invitees, they owe no such duty to employees of or others invited upon the premises by an independent contractor hired to do work on the premises if two conditions exist: 1) the owner has relinquished possession of the premises, in whole or in part and 2) the owner does not have the right and does not actually control or direct the work done. *McDade v. West*, 80 Ga. App. 481, 487 (56 SE2d 299) (1949). Accord *Modlin v. Swift Textiles*, 180 Ga. App. 726 (1) (350 SE2d 273) (1986). The evidence in the record shows that Equitable had relinquished that portion of the premises involved in the installation of the HVAC unit to the independent contractor, Natkin, and that Natkin, by contract, had assumed the duty of keeping the premises safe for the installation. Further, the record shows that McClure's employer, Rice, and Natkin, through its agent, Booker, had actual knowledge of an electrical hazard but took no action to warn McClure or others. In contrast, there is no evidence in the record that Equitable had any knowledge of the electrical hazard.

"While the moving party on a motion for summary judgment has the burden of establishing the non-existence of any material fact and all doubts are resolved in favor of the party opposing the motion, the burden of proof can be shifted . . . when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time* or suffer a judgment against him." (Citations and punctuation omitted.) *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (380 SE2d 61) (1989).

McClure produced no evidence to support the necessary predicate of a negligence action, that a duty was owed to him by the party sued, Equitable. Having determined that Equitable owed no duty to McClure, we need not reach the issue of whether there was evidence to show proximate cause between the electrical hazard encountered by Rice at the junction box and McClure's injury days later.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1990 —
REHEARING DENIED MARCH 22, 1990 —

*Kyle Yancey*, for appellants.
*Joseph A. Roseborough*, for appellee.