A90A2283. SPICEWOOD, INC. et al. v. DYKES PAVING & CONSTRUCTION COMPANY, INC.
A90A2284. CHESNUT et al. v. DYKES PAVING & CONSTRUCTION COMPANY, INC.
(404 SE2d 305)

BIRDSONG, Presiding Judge.

These appeals arise from an action filed by Dykes Paving & Construction Company (hereinafter Dykes) in DeKalb Superior Court on January 20, 1987, against Spicewood, Inc., Stratton Paxton, individually, and David Chesnut and John P. Kanes as co-executors of the estate of Leroy Still.

These parties were previously before this court on appeal from a jury verdict and judgment in the Superior Court of Gwinnett County. *Spicewood, Inc. v. Dykes Paving &c. Co.*, 185 Ga. App. 397 (364 SE2d 298). Dykes had contracted with Spicewood to perform certain construction work for a building project in Cobb County, and Ferro Grading Company (hereinafter Ferro) was subcontracted by Dykes to do some of the work. A dispute arose between Dykes and Spicewood as to performance of the contract resulting in Spicewood declaring it breached. Ferro filed a lien claim in Cobb Superior Court and Spicewood filed and recorded a bond to discharge the lien for the purpose of substituting the bond for its real estate. Paxton, Bracewell and

Still were sureties on this bond. Ferro then sued Dykes in Gwinnett County on their contract; Dykes answered and filed a counterclaim and Spicewood intervened as a defendant, filing an answer, counterclaim and cross-claim. Dykes also filed a cross-claim against Spicewood for breach of contract seeking damages. The jury returned a verdict in favor of Ferro against Dykes in the amount of $36,347.60; in favor of Ferro on Dykes' counterclaim; in favor of Dykes on its cross-claim against Spicewood in the amount of $63,379.63; and for Dykes on Spicewood's cross-claim. Judgment was entered on Ferro's verdict against Dykes on April 10, 1986. The next day the trial court issued an order directing a verdict in favor of Spicewood against Ferro's claim of a materialman's lien in the amount of $36,347.60 on Spicewood's property. The jury verdict was reversed on appeal, but the directed verdict was not.

On February 12, 1986, following the death of Leroy Still, an indemnity agreement between his co-executors and Spicewood, Paxton and Bracewell was entered into, holding the estate harmless "from any liability of any nature . . . arising from the operation of the Corporation" (Spicewood). On July 15, 1986, Ferro executed the assignment of its rights under Spicewood's bond to Dykes.

In the instant action Dykes, as assignee of Ferro's interest in the bond discharging the lien, sought to enforce Ferro's rights to the bond, alleging that Spicewood and the sureties were indebted to Dykes for the principal amount of $36,347.60 plus interest. Spicewood, Paxton, and Still's co-executors answered, denying any right of recovery based upon several defenses, including res judicata. Spicewood and Paxton also filed a counterclaim against Dykes on the ground that the suit was frivolous as contemplated by OCGA § 9-15-14. The co-executors filed a cross-claim against Spicewood, Paxton and Bracewell asserting that under the indemnity agreement they were obligated to indemnify and hold the estate harmless for any liability under the bond. Dykes moved for summary judgment on the ground that the judgment against Spicewood in Gwinnett County was conclusive as to all issues and, through its assignment of Ferro's rights, it was entitled to judgment as a matter of law against Spicewood and the sureties under the bond. Spicewood and the sureties responded that they had the right to raise certain defenses which were not litigated between Ferro, Dykes and Spicewood in the Gwinnett County action. Chesnut and Kanes as co-executors of the Still estate filed a motion for summary judgment on their cross-claim against Spicewood based upon the indemnification agreement. The trial court granted both motions for summary judgment, from which separate appeals have been taken. *Held*:

1. Dykes has filed a motion with this court to compel Spicewood and the sureties to post a supersedeas bond in the amount of $75,000.

However, OCGA § 5-6-46 (a) provides that such bonds are required only when the judgment is "for the recovery of money not otherwise secured. . . ." The judgment here is "otherwise secured," as the trial court expressly imposed a special lien against the property of Paxton and the Still estate to secure the bond discharging the lien. Therefore the motion is denied.

2. The trial court concluded as a matter of law that the requirements for mechanics and materialmen's liens set forth in OCGA § 44-14-361.1 had been fully complied with by Ferro in filing its lien, and that Ferro had obtained a judgment against Dykes in the Gwinnett County action. It further concluded that Spicewood's motion to intervene was premised upon the defense that because it had expended sums in excess of its contract with Dykes, Ferro was not entitled to a lien upon its property. Thus, it ruled that any question whether Ferro's claim was within the contract price Spicewood agreed to pay Dykes was placed in issue and decided adversely to Spicewood when judgment was entered in favor of Dykes based upon the pleadings and the uncontradicted affidavits of Jim Dykes and William Ferro. Accordingly, the trial court held that Dykes was entitled to summary judgment as a matter of law in the instant action since all of Spicewood's defenses were raised and vigorously litigated in the Gwinnett County case; and that the judgment against Spicewood was likewise conclusive against Paxton and Still as sureties on the bond, but because the liability of the Still estate was covered by the indemnification agreement, the motion of the co-executors Chesnut and Kanes for summary judgment on their cross-claim against Paxton and Bracewell based on this agreement was also granted.

Spicewood contends that "[w]here a statutory bond has been provided to release realty from a recorded lien, it is still incumbent upon the lien claimant who brings suit against the principal and surety on the bond to prove entitlement to the underlying lien. [Cit.]" *North v. Waffle House*, 177 Ga. App. 162, 163 (1) (338 SE2d 750). They argue that although Ferro obtained a judgment against Dykes, the contractor, it did not obtain a judgment against Spicewood, the principal, or the sureties on the bond, and "a judgment against the general contractor [does] not make the principal (owner) and surety liable 'in the absence of a judgment in favor of the materialman and against the owners *establishing the right to a lien.*' (Emphasis supplied.) In short, to enforce the bond the lienor must establish his rights both to a lien and foreclosure thereof upon the recorded lien which the bond replaced. . . ." *M. Shapiro & Sons v. Yates Constr. Co.*, 140 Ga. App. 675, 678 (231 SE2d 497). Thus appellants insist Ferro failed to establish its rights to the underlying lien or to foreclosure thereon; and that since it therefore cannot enforce the bond, Dykes is likewise not entitled to recover under the bond against Spicewood or the sureties

based upon Ferro's assignment of rights.

Dykes responds that Ferro's claim against it was a part of its claim against Spicewood, since as general contractor it was responsible for the performance of Ferro, its subcontractor; that the evidence on motion for summary judgment clearly established its entitlement to judgment on the bond against Spicewood and the sureties under the doctrine of res judicata because its judgment against Spicewood, which included the amounts for which Ferro had sued, showed that its claim and Ferro's claim were within the contract price which Spicewood agreed to pay; that this was a conclusive judgment for which Spicewood had no defense; and that the trial court therefore correctly ruled that all of Spicewood's defenses were raised and determined in the Gwinnett County case and Dykes was entitled to judgment on the bond as a matter of law.

We agree. "To establish and foreclose a lien on the owner's property it . . . must be shown . . . that the owner contracted with someone for these supplies to be furnished; that the person to whom the plaintiff furnished them was connected with that contract; and that the value of the material was within the contract price to which the owner agreed." *Athens Elec. Supply Co. v. Delta Oil*, 101 Ga. App. 515, 519 (3) (114 SE2d 289). Spicewood in its motion to intervene in the Gwinnett County case maintained that because it had a substantial interest in the litigation between Ferro and Dykes it should be allowed to assert certain defenses and claims. One issue raised was that because Spicewood had expended sums in excess of the contract with Dykes, Ferro was not entitled as a matter of law to a lien upon Spicewood's property; and that an order should be entered declaring the lien null, void and of no effect, and discharging it. However, the evidence clearly established that Spicewood contracted with Dykes to perform certain work, that Dykes then contracted some of this work to Ferro, and that both Dykes' and Ferro's claims were within the contract price that Spicewood agreed to pay. Thus any defense in regard to the invalidity of Ferro's lien was adjudicated adversely to Spicewood when judgment was rendered in Dykes' favor in Gwinnett County, and the issue became res judicata. When Ferro assigned its lien to Dykes, this issue remained res judicata, as in this context "one party is a privy of another where there is a mutual or successive relationship to the same right. [Cit.]" *Smith v. Wood*, 115 Ga. App. 265, 268 (4) (154 SE2d 646).

" 'While the moving party on a motion for summary judgment has the burden of establishing the non-existence of any material fact and all doubts are resolved in favor of the party opposing the motion, the burden of proof can be shifted . . . when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at*

*that time* or suffer a judgment against him.' (Citations and punctuation omitted.) [Cit.]" *McClure v. Equitable Real Estate &c. Mgmt.*, 195 Ga. App. 54, 55 (392 SE2d 272). It follows that since Spicewood produced no evidence to refute the above facts, the trial court correctly ruled Dykes was entitled to judgment as a matter of law against it as principal under the bond.

3. Spicewood, Stratton Paxton and Gene Bracewell enumerate as error the grant of partial summary judgment to Chesnut and Kanes as co-executors of the Still estate on their cross-claim against Spicewood. This motion was supported by Chesnut's affidavit averring that following the death of Leroy Still, Spicewood, Paxton and Bracewell entered into the indemnity agreement under which the co-executors for the Still estate conveyed all of the estate's interest in the stock and assets of Spicewood in consideration for the payment of certain money and the indemnification of the estate from any liabilities of Spicewood; and that the bond made by Spicewood as principal and Still and Bracewell as sureties was a potential "liability of any nature . . . arising from the operation of the corporation," as contemplated by the indemnity agreement.

The construction of a contract is a question of law for the court, OCGA § 13-2-1, unless it contains ambiguous terms or expressions. *Price v. Age, Ltd.*, 194 Ga. App. 141 (1) (390 SE2d 242). When Spicewood filed a response to the co-executors' motion for partial summary judgment, it submitted no evidence by deposition, affidavit or otherwise to rebut Chesnut's affidavit explaining that the parties to the agreement intended any liability of the estate as surety on Spicewood's bond to be indemnified. Accordingly, summary judgment was properly granted on this issue. *McClure*, supra.

4. Dykes' motion for sanctions against appellants pursuant to OCGA § 5-6-6 is denied as the record on appeal does not establish that the appeal was without merit or filed for purposes of delay only. *Carco Supply Co. v. Dick Clem, Master Plumber*, 194 Ga. App. 566 (7) (391 SE2d 134).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 4, 1991 —
REHEARING DENIED MARCH 15, 1991.

Rowe & McGarity, J. Michael McGarity, for appellants.
Zachary & Segraves, Stephen M. Gibbs, Kenneth W. Carpenter, Chestnut & Livingston, Tom Pye, for appellee.