## A92A2293. THREADMILL, LTD. v. FIRST UNION NATIONAL BANK OF GEORGIA et al.

(428 SE2d 685)

JOHNSON, Judge.

The Downtown Development Authority of Austell, Georgia issued $8,000,000 in bonds to generate loan proceeds to be used for the renovation of an historic mill owned by Threadmill, Ltd. Threadmill guaranteed repayment of the $8,000,000 by executing a loan agreement, a promissory note, and a deed to secure debt in favor of the authority. The promissory note was principally secured by the mill. The authority assigned the promissory note, loan agreement, and deed to secure debt to Georgia State Bank as indenture trustee. First Union National Bank of Georgia became the successor trustee as a result of a merger with Georgia State Bank. Threadmill defaulted on the promissory note and First Union began foreclosure proceedings against the mill. Threadmill filed a bankruptcy petition seeking to prevent foreclosure of its property. The bankruptcy court dismissed Threadmill's petition lifting the automatic stay of foreclosure.[1] First Union foreclosed on the mill. Threadmill filed a complaint in superior court alleging wrongful foreclosure and interference with business relations by First Union. The trial court granted summary judgment to First Union. Threadmill appeals.

1. Threadmill alleges that the court erred in granting summary judgment to First Union on the wrongful foreclosure claim because there are material questions of fact as to whether the promissory note was supported by adequate consideration and whether First Union had knowledge of misrepresentations made to Threadmill by third parties. Threadmill has failed to support these allegations with any competent evidence in the record. "Allegations made in briefs but unsupported by the record will not be considered. [Cit.]" *Dunlap v. First Rock Credit Corp.*, 194 Ga. App. 563, 564 (1) (390 SE2d 919) (1990). Threadmill's allegations are without merit.

When a prima facie showing is made that the moving party is entitled to judgment as a matter of law, the opposite party cannot rest upon the mere allegations in its pleadings, but must come forward with rebuttal evidence at that time or suffer a judgment against it. *Dickey v. Harden*, 202 Ga. App. 645, 648 (414 SE2d 924) (1992); *Spicewood, Inc. v. Dykes Paving &c. Co.*, 199 Ga. App. 165, 168-169 (2) (404 SE2d 305) (1991). First Union supported its motion for summary judgment with affidavits and other evidence in the record showing that it proceeded in good faith in exercising its foreclosure rights under the deed to secure debt, loan agreement, and promissory note.

---

[1] The bankruptcy court did not rule on the issues now raised and therefore its decision does not preclude our consideration of this appeal.

Threadmill submitted no evidence in response to the motion and has pointed to no evidence in the record which rebuts the showings made by First Union. Threadmill has cited no evidence showing that the price realized on the foreclosure of its property was grossly inadequate and accompanied by fraud or any other improper circumstance. See *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 331 (1) (270 SE2d 867) (1980). Because Threadmill failed to rebut First Union's showing that it properly foreclosed on the property, the court did not err in granting summary judgment to First Union on the wrongful foreclosure claim.

2. Threadmill contends that the court erred in granting summary judgment to First Union on the interference with business relations claim. That claim is based on the fact that First Union, when asked by tenants of Threadmill's property about the status of the foreclosure proceedings, acknowledged the existence of such proceedings. These facts do not support a claim for interference with business relations because First Union simply acknowledged that it was exercising its contractual right, as authorized by the bankruptcy court, to foreclose. See *Yamaha of Atlanta v. Yamaha Motor Corp. &c.*, 188 Ga. App. 413, 414 (1) (373 SE2d 95) (1988); *Light v. Equitable Mtg. Resources*, 191 Ga. App. 816, 817-818 (2) (383 SE2d 142) (1989). Further, notices of foreclosure are matters of public record. The trial court did not err in granting summary judgment to First Union on the interference with business relations claim.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur. Carley, P. J., disqualified.*

DECIDED MARCH 9, 1993.
Foreclosure. Fulton Superior Court. Before Judge Langham.
*Sumner & Hewes, William E. Sumner, A. Thomas Stubbs*, for appellant.
*King & Spalding, Joseph B. Haynes, Stephanie E. Parker, R. Christopher Cook*, for appellees.