A98A1899. SECOND CONTINENTAL, INC. et al. v. ATLANTA E-Z BUILDERS, INC. et al.
(514 SE2d 846)

McMURRAY, Presiding Judge.

This appeal is taken from a plaintiffs' judgment on a claim for tortious interference with business relations which arose in connection with a dispute as to the title to certain real property. Defendant Second Continental, Inc. is in the business of buying properties from counties and municipalities that have been foreclosed upon for nonpayment of real property ad valorem taxes. On November 20, 1992, Second Continental purchased a number of such properties, one of which constituted a part of the real property upon which plaintiff Atlanta E-Z Builders, Inc. was building a subdivision. Georgia Federal Bank, an active construction lender for plaintiff Atlanta E-Z Builders with regard to the subdivision, was provided via certified mail with a copy of a letter, written on behalf of defendant Second Continental by its president, defendant Finnegan, and containing allegations with respect to the disputed property that "we have purchased the subject tract from Fulton County. . . ." The following day, January 15, 1993, the bank responded with a letter to plaintiff Atlanta E-Z Builders stating that it would not make further loans in the subdivision "until such time as any title problems have been corrected." Plaintiffs presented evidence that thereafter it was not possible to obtain significant further financing for the subdivision from

Georgia Federal Bank or any other source until the title issues were finally resolved three years later.

The original complaint filed by plaintiff Atlanta E-Z Builders contained three counts. The first two counts sought equitable relief by compelling defendants to permit redemption of the property interest conveyed by the Fulton County quitclaim tax deed received by defendants or a declaratory judgment that the deed received by defendants was void and unenforceable. These first two counts, along with defendants' counterclaim to quiet title, were decided in a special master proceeding with the superior court adopting the conclusion of the special master that title to the disputed property lies in plaintiff Atlanta E-Z Builders and others in its chain of title while defendant Second Continental has no title or interest in the disputed property. This holding was affirmed by the Supreme Court of Georgia.

The case was thereafter tried before a jury on the third count alleging tortious interference. Before the trial, the complaint was amended to add as party plaintiff, Dania Investments Corporation, to which the subdivision real property had been conveyed. We should also note that Fulton County is also named as a defendant in the case, but, it along with numerous counterclaim defendants added before the special master in connection with the defendants' counterclaim to quiet title, has had no active role in the proceedings with regard to the tortious interference claim which is the sole matter remaining in the case or at issue on this appeal.

Defendants appeal the final judgment awarding plaintiffs $94,800.05 in compensatory damages and $192,000 in punitive damages for a total judgment of $286,800.05. The enumerations of error challenge the sufficiency of the evidence to authorize the verdict returned by the jury and allege an error in the jury charge. *Held*:

1.

In order to recover on a claim " 'for tortious interference with business relations the evidence must show the defendant (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury.' (Cit.) Subjective good faith, standing alone, is not an absolute defense to a claim of tortious interference with business relations, just as 'malice' within the meaning of such a claim need not be prompted by bad faith or personal dislike. ' "The term 'malicious' or 'maliciously' means any unauthorized interference, or any interference without legal justification or excuse. Personal ill will or animosity is not essential." (Cit.)' (Cits.)" *Valdez v. Power*

*Indus. Consultants*, 215 Ga. App. 444, 447 (2) (451 SE2d 87) (1994).

*Labat v. Bank of Coweta*, 218 Ga. App. 187, 189 (2) (460 SE2d 831).

As two of defendants' enumerations of error maintain that plaintiffs have failed to establish the requisite elements of the claim for tortious interference with business relations, we must determine whether there is "any evidence" to sustain plaintiffs' claim. If there is some evidence to support the verdict, we may not disturb the trial court's denial of defendants' motion for directed verdict and for judgment notwithstanding the verdict. *Ballenger Paving Co. v. Gaines*, 231 Ga. App. 565, 566 (1) (499 SE2d 722); *Gantt v. Bennett*, 231 Ga. App. 238, 240 (1) (499 SE2d 75); *John Crane, Inc. v. Wommack*, 227 Ga. App. 538 (2) (489 SE2d 527).

2. Based on *Threadmill, Ltd. v. First Union Nat. Bank of Ga.*, 207 Ga. App. 688, 689 (2) (428 SE2d 685), defendants argue that the judgment against them is not proper because there is no cause of action for interference with business relations based upon informing a person in a business relationship with a plaintiff of a matter that is one of public record. Pretermitting the question of what support, if any, for defendants' proposition may be drawn from the *Threadmill* decision, we note that the facts stated by defendants to plaintiffs' bank extended beyond an accurate representation of the public record. Defendants' statement that they had purchased the disputed property was not an accurate representation of a matter of public record as demonstrated by the subsequent determination by the special master that defendants held no title in the disputed property.

3. Nor were the communications by defendants privileged. In this respect defendants rely upon the holding in *NationsBank, N.A. v. SouthTrust Bank of Ga., N.A.*, 226 Ga. App. 888, 892 (1) (487 SE2d 701) that the privilege provided under OCGA § 51-5-7 (3) may be asserted as a defense to claims of tortious interference. This statute provides a privilege for "[s]tatements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned." However, the concept of "good faith" is not measured by a subjective standard so that a misunderstanding or misinterpretation of the law excuses no one and provides no legal justification for unauthorized interference. *Valdez v. Power Indus. Consultants*, 215 Ga. App. 447 (2), supra. Similarly, defendants may not rely upon the argument that a statement of a legal opinion cannot serve as the basis of a tortious interference claim.

Defendants also cite *F. S. Assoc., Ltd. v. McMichael's Constr. Co.*, 197 Ga. App. 705, 707 (2) (399 SE2d 479), a case involving the application of OCGA § 51-5-7 (3), in the context of a claim for slander of title predicated on a materialman's lien, which must be distinguished

on the facts since the privilege was allowed based on a determination that the notice of lien filed in that case, unlike the representations of defendants in the case sub judice, contained no false statements.

4. The rejection of the subjective "good faith" upon which defendants rely, is, as stated in the *Valdez* decision, based on the principle that ignorance of the law excuses no one. Id. at 447. Several of defendants' remaining arguments may be rebutted by application of this principle.

> Subjective good faith, standing alone, is not an absolute defense to a claim of tortious interference with business relations, just as "malice" within the meaning of such a claim need not be prompted by bad faith or personal dislike. " 'The term "malicious" or "maliciously" means any unauthorized interference, or any interference without legal justification or excuse. Personal ill will or animosity is not essential.' (Cit.)" *Arford [v. Blalock*, 199 Ga. App. 434, 440-441 (13) (405 SE2d 698)]; *Forehand v. Perlis Realty Co.*, 198 Ga. App. 165, 166 (400 SE2d 644) (1990).

*Valdez v. Power Indus. Consultants*, 215 Ga. App. 447 (2), supra. Thus, contrary to defendants' argument, subjective "good faith" does not provide such legal justification as will negate malice. The jury was authorized to conclude that plaintiffs did not fail to prove the malice element of their claim. The same proof of malice also authorized the award of punitive damages.

5. Next, defendants contend that the trial court should have granted their motions for directed verdict and for j.n.o.v. as to the claims of plaintiff Dania Investment Corporation because this entity did not even exist when defendants sent their only communication to Georgia Federal Bank. Defendants incorrectly argue that "tortious interference with business relations requires that there be a party who actually had business relations that could be interfered with." However, this is not correct since this type of claim can also be predicated on actions which induce a third party not to enter into a business relationship. *Rodgers v. First Union Nat. Bank of Ga.*, 220 Ga. App. 821 (1), 823 (470 SE2d 246). Defendants' argument ignores the evidence that the very creation of the Dania Investment Corporation was a defensive measure to cope with the circumstances which followed the letter to the bank and that the newly created corporation bore expenses arising therefrom. Furthermore, defendants' reliance upon *Johnston v. First Nat. Bank of Brunswick*, 218 Ga. 772, 782 (3) (130 SE2d 698) is misplaced since the undifferentiated verdict in the case sub judice contains no portion which is invalid or reversible.

6. Plaintiffs did not fail to present evidence which authorizes the

amount of compensatory damages awarded by the jury in its verdict. This is true even if we assume defendants are correct in arguing that the lost profits of plaintiff Atlanta E-Z Builders may not be determined with any certainty from the data available.

There is evidence of other damages to plaintiffs, including particularly the cost of taxes on the land while it remained unmarketable. And assuming the amount of these taxes paid or still owed at the time of trial should have been reduced to adjust for a small number of houses sold after the land title dispute began, primarily houses already under construction, we note that the evidence contains sufficient information as to such sales so as to permit the necessary adjustments and that after reasonable allowance for such adjustments, the balance of the taxes exceeds the amount of the jury verdict for compensatory damages. Furthermore, there was some additional evidence of small amounts of recoverable expenses. We note in this connection that the plaintiffs' burden is to furnish sufficient data to estimate the damages with reasonable certainty, but it is not necessary to submit exact figures. *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 855 (1) (a) (501 SE2d 30). Also,

> "(t)he rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted. (Cits.)" *Farmers Mut. Exchange v. Dixon*, 146 Ga. App. 663, 664-665 (5) (247 SE2d 124) (1978).

*Ga. Ports Auth. v. Servac Intl.*, 202 Ga. App. 777, 780 (3) (415 SE2d 516). Therefore, without more it is apparent that the verdict is within the range of the evidence as to damages. *Bull Street Church of Christ v. Jensen*, 233 Ga. App. 96, 103 (3) (504 SE2d 1). The trial court did not err in denying defendants' motions for directed verdict and j.n.o.v.

7. By their final enumeration of error and argument, defendants maintain the trial court erred in charging the provisions of OCGA § 51-1-6 which provides:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach

of such legal duty if he suffers damage thereby.

This Court has held that this Code section does not create a cause of action but simply authorizes the recovery of damages for breach of a legal duty. *City of Buford v. Ward*, 212 Ga. App. 752, 755 (3) (443 SE2d 279). This would suggest that the best practice would be to avoid including this statutory language in the jury charge in most if not all cases.

Defendants argue that the charge of this Code section provides the jury with alternative criteria for determining their verdict without application of the four elements of a claim for tortious interference with business relationships. However, we do not view the Code section, albeit inapplicable to the issues on trial, as likely to confuse or mislead a jury of ordinary intelligence, particularly when the charge as a whole is considered in the light of the evidence and arguments. *Archer Motor Co. v. Intl. Business Investments*, 193 Ga. App. 86, 89-90 (6) (386 SE2d 918); *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 841 (1) (351 SE2d 82).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 16, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 — 

*Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker*, for appellants.

*James J. Gormley III, William W. Gardner*, for appellees.