A03A1810, A03A1910. WATSON v. FRNKA (two cases).

(596 SE2d 187)

MILLER, Judge.

    These appeals stem from Jacqueline Watson's failed attempts to renew a complaint that she filed against Patricia Frnka, following a car accident in which Watson was injured. In her sole enumeration of error in Case No. A03A1810, Watson contends that the trial court erred in dismissing her first renewed complaint because OCGA § 9-2-61 is unconstitutionally vague. In Case No. A03A1910, Watson contends that the trial court erred in dismissing her second renewed complaint (based on the same facts alleged in Case No. A03A1810), which she filed after the appeal in Case No. A03A1810 had already been docketed in the Supreme Court of Georgia. The Supreme Court of Georgia transferred Case No. A03A1810 to this Court. We hold that since Watson failed to timely raise her constitutional argument in Case No. A03A1810 below, such argument is waived on appeal, and she therefore has not shown error in the trial court's dismissal of her first renewed complaint. Since Watson has shown no error in the dismissal of her first renewed complaint, the action would stand as dismissed in the trial court below, rendering the second attempted renewal of the dismissed lawsuit a nullity. We therefore affirm the

---

[14] See *Bodne,* supra; *Kohler,* supra.

trial court's ruling that dismissed the first renewed complaint in Case No. A03A1810, and dismiss the appeal in Case No. A03A1910 as moot.

The record reveals that Watson sued Frnka in Gwinnett County Superior Court on March 12, 2002, for injuries that Watson suffered in a March 13, 2000 car accident. Watson voluntarily dismissed the complaint and on June 4, 2002, refiled the lawsuit in Gwinnett County State Court. Frnka moved to dismiss the complaint on statute of limitation grounds, which motion the trial court granted on September 5, 2002, reasoning that Watson "did not set forth in her complaint the requirements that would show [that] the statute of limitations had been tolled."

On October 7, 2002, Watson filed a motion for reconsideration, raising for the first time the argument that OCGA § 9-2-61 was unconstitutionally vague, and on that same day appealed to the Supreme Court of Georgia, making the same argument. The trial court noted that it could not rule on the motion for reconsideration, because the court had been divested of jurisdiction by the pending appeal.

While the appeal was pending in the Supreme Court of Georgia, Watson attempted to renew her complaint for a second time on November 1, 2002. Frnka again moved to dismiss, which motion the trial court granted, noting that the second renewed complaint was based on the same facts as the case that was pending on appeal. The Supreme Court of Georgia transferred Watson's October 7, 2002 appeal to this Court on April 29, 2003.

In Case No. A03A1810, Watson appeals from the trial court's dismissal of her first renewed complaint, arguing that OCGA § 9-2-61 is unconstitutionally vague. In Case No. A03A1910, Watson appeals from the trial court's dismissal of her second renewed complaint (that was based on her previously dismissed renewed complaint).

### Case No. A03A1810

The Supreme Court of Georgia transferred this case to this Court on April 29, 2003, finding that Watson had "set out no basis for subject matter jurisdiction in [the Supreme Court of Georgia] and none appear[ed] from the record. . . ." Indeed, the record reveals that Watson did not timely raise her constitutional argument below and failed to invoke any ruling from the trial court regarding same. "A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there." (Citation and punctuation omitted.) *In the Interest of A. A.*, 253 Ga. App. 858, 862 (3) (560 SE2d 763) (2002). Watson appealed to the Supreme Court of Georgia (divesting the trial

court of jurisdiction over her motion for reconsideration) before the trial court could make any ruling on her constitutional claim. Thus, Watson has failed to raise any reviewable argument on appeal to challenge the trial court's dismissal of her first renewed complaint. As such, Watson has shown no error from the trial court's dismissal of her first renewed complaint.

### Case No. A03A1910

In light of our holding in Case No. A03A1810, Watson's appeal from the trial court's dismissal of her second renewed complaint is moot. Since Watson has shown no error from the trial court's dismissal of her first renewed complaint, the complaint would still stand as dismissed by the trial court, leaving nothing for her to "renew" from her first renewed complaint. See OCGA § 9-2-61 (a) and (c) (renewal applies to actions voluntarily dismissed by plaintiff, or dismissed without prejudice by trial court for lack of subject matter jurisdiction, not actions involuntarily dismissed by the trial court for other reasons). We therefore dismiss the appeal in Case No. A03A1910 as moot.

*Judgment affirmed in Case No. A03A1810. Appeal dismissed in Case No. A03A1910. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 18, 2004 —
RECONSIDERATION DENIED MARCH 4, 2004.

*Michael B. King,* for appellant.
*Ambadas B. Joshi,* for appellee.