A06A0566. MULLIGAN et al. v. SECURITY BANK OF BIBB COUNTY et al.
(633 SE2d 629)

BERNES, Judge.

Appellants Don T. Mulligan, Patsy L. Ruip and Virginia Ann Mulligan appeal the trial court's decision ordering that county ad valorem taxes be paid from surplus proceeds obtained from a foreclosure sale. We affirm.

"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). The record in this case shows that on

September 14, 2001, appellants, along with James R. Spires, executed a Real Estate Deed to Secure Debt ("security deed") in favor of the lender, Security Bank of Bibb County. The security deed was issued to secure a promissory note made to Spires Electric Company, Inc. and pledged the real property located at 4026 Industrial Blvd. in Bibb County. The subject property was jointly owned by James R. Spires, appellant Don T. Mulligan, and appellants Patsy L. Ruip and Virginia Ann Mulligan as representatives of the estate of Helen Y. Spires.

Following execution of the security deed, appellants and Spires defaulted on the loan, and the lender initiated foreclosure proceedings. In October 2004, the subject property was sold for the sum of $196,000 to appellee Ken Smith, as the highest bidder at the public foreclosure sale. After the secured debt to the lender and all expenses of the sale were paid in full from the sale proceeds, a surplus in the amount of $118,629.23 remained. The lender then filed an interpleader action for determination of disputed claims to the surplus proceeds and deposited the funds into the registry of the trial court.

The Bibb County Tax Commissioner made a claim to the surplus proceeds for payment of delinquent ad valorem taxes on the subject property for the years 2001 to 2004. The total taxes due, $30,244.82, encompassed $22,090.52 for real estate taxes and $8,154.30 for personal property taxes. Appellants opposed the tax commissioner's claim to the surplus proceeds, arguing that taxes should not be paid from the proceeds because the property had been sold subject to any outstanding ad valorem taxes, liens or assessments. Smith, the purchaser, also filed an answer and response in the interpleader action, claiming that the delinquent taxes should be paid from the surplus proceeds. The trial court determined that the tax commissioner was entitled to payment of the delinquent taxes from the surplus proceeds and, as a result, ordered that the funds be disbursed from the court's registry.

1. Appellants do not dispute that the tax commissioner has a valid tax lien on the subject property arising from appellants' failure to pay the 2001 to 2004 tax assessments. Rather, they contend that the trial court erred by determining that the tax commissioner could collect the delinquent ad valorem taxes from the surplus proceeds. They claim that the buyer Smith incurred the tax liability as part of his purchase of the property based on the published Notice of Foreclosure, which stated that the sale was "subject to all unpaid ad valorem taxes, liens and assessments, if any." We disagree.

Under Georgia law, ad valorem taxes are chargeable either as a personal debt of the taxpayer or as a lien "which extends not only to the property giving rise to the tax obligation, but also to all other property owned by the taxpayer." *Nat. Tax Funding, L.P. v. Harpagon*

*Co.*, 277 Ga. 41, 42 (1) (586 SE2d 235) (2003). See also OCGA §§ 48-2-55 (a); 48-2-56 (a); 48-5-9. Thus, while a tax commissioner retains a lien on the property that is enforceable against a subsequent purchaser of the property, the prior owner also *remains* liable for the taxes. *Teachers' Retirement System of Ga. v. City of Atlanta*, 249 Ga. 196, 202, n. 6 (288 SE2d 200) (1982). As such, the tax commissioner was authorized to seek payment of the outstanding taxes from the surplus proceeds. See *Jones v. Morse Bros. Lumber Co.*, 171 Ga. 753, 759 (156 SE 587) (1931) (county tax collector could not be enjoined from collecting taxes from former owners who owned land at the time of the assessment). See also *East Atlanta Bank v. Limbert*, 191 Ga. 486, 489-491 (2) (12 SE2d 865) (1941) (lienholder may maintain a suit in equity against the holder of surplus proceeds yielded from a sale made pursuant to a power of sale in a security deed).

Appellants' argument predicated on the language of the Notice of Foreclosure is misplaced. The notice prescribed the terms of sale between the lender and the purchaser; it did not limit the tax commissioner's discretionary authority over how to seek payment of the outstanding taxes.[1] Nevertheless, under the circumstances here, the language of the notice does not support appellants' contention that the buyer Smith incurred the tax liability. Under the terms of the notice relied upon by appellants, if the sale had produced insufficient funds to pay the taxes in full, the purchaser who bought the property subject to the taxes could be held responsible for satisfying any remaining tax debt. Significantly, however, the notice also provided that "[t]he proceeds of said sale [would] be applied as provided in said deed." The security deed in turn provided that upon a foreclosure sale of the property, the lender bank would apply any surplus proceeds "to the person or persons legally entitled to it," which in this case included the tax commissioner. Therefore, nothing in the language of the notice could be construed as precluding collection of the taxes from the surplus sale proceeds.

2. Appellants further claim that the trial court erred in ordering payment of the personal property tax lien assessed against Spires Electric Company from the surplus funds. They assert that they should not have been held responsible for the tax lien against Spires Electric Company, which was an entirely separate and distinct corporation from the appellants. This argument was not presented to

---

[1] *Pan-American Life Ins. Co. v. Orr*, 49 Ga. App. 257 (175 SE 32) (1934), upon which appellants rely, is inapposite. There, the purchaser of the subject property at a foreclosure sale sought reimbursement out of surplus proceeds for taxes he already had paid. Here, it is the tax commissioner who is seeking to have his outstanding tax lien satisfied.

the trial court, and we will not consider it for the first time on appeal. *Community Bank v. Handy Auto Parts*, 270 Ga. App. 640, 642-643 (1) (607 SE2d 241) (2004).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 3, 2006.

*McCullough & Swindell, Hugh J. McCullough, Brantley J. Swindell, Adams, Jordan & Treadwell, Virgil L. Adams, Samuel F. Hart, Jr., Stokes, Lazarus & Carmichael, William K. Carmichael, Timothy M. Curtin*, for appellants.

*Phillips & Phillips, Arthur L. Phillips, Adams, Hemingway & Wilson, F. Bradford Wilson, Jr., John P. Fox*, for appellees.