### A08A1618. GEARY v. WILSHIRE CREDIT CORPORATION et al.
(673 SE2d 15)

MIKELL, Judge.

On March 7, 2005, Eileen Geary f/k/a Eileen Stone ("Geary") filed a pro se action in federal district court against her mortgage lender's servicing agent, Wilshire Credit Corporation ("Wilshire"), and the law firm of McCurdy and Candler, LLC, among others, alleging wrongful foreclosure and violation of 15 USC § 1692g of the Fair Debt Collection Practices Act ("FDCPA"). The defendants moved for summary judgment, and Geary moved to dismiss her claims without prejudice. By order dated August 30, 2006, the district court granted Geary's motion pursuant to Federal Rule of Civil Procedure 41 (a) (2), but "only upon the condition that she pay the [d]efendants' attorney's fees reasonably incurred in defending this lawsuit if she later refiles these claims against these [d]efendants."[1] The federal rule gives district courts broad discretion to determine whether, and on what terms, a plaintiff should be allowed to dismiss her claims.[2]

Geary did not refile her claims in federal court. Instead, on May 21, 2007, Geary filed a pro se action in seven counts in the State Court of Gwinnett County against these same defendants, alleging that the law firm violated 15 USC § 1692g of the FDCPA and committed related acts of fraud and negligence, including wrongful foreclosure; that Wilshire breached OCGA § 7-1-1013 (6) of the Georgia Residential Mortgage Act ("GRMA");[3] that the defendants committed theft when they evicted her from the property on June 2, 2005; and that they were liable for punitive damages and attorney fees. Prior to filing her state court action, Geary did not pay attorney

---

[1] The federal rule does not allow a plaintiff to file a voluntary dismissal of an action if a defendant has answered or moved for summary judgment; after such time, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41 (a) (1) (A) (i), (a) (2). By comparison, the Georgia rule allows a plaintiff to dismiss an action "[b]y filing a written notice of dismissal at any time before the first witness is sworn." OCGA § 9-11-41 (a) (1) (A). In addition, "[t]here is no 'bad faith' exception to a plaintiff's right to voluntarily dismiss his action." *C & S Indus. Supply Co. v. Proctor & Gamble &c. Co.*, 199 Ga. App. 197 (404 SE2d 346) (1991).

[2] *Pontenberg v. Boston Scientific Corp.*, 252 F3d 1253, 1255-1256 (II) (11th Cir. 2001); *McCants v. Ford Motor Co.*, 781 F2d 855, 860-861 (II) (11th Cir. 1986).

[3] OCGA § 7-1-1000 et seq.

fees incurred by the defendants in the federal lawsuit, as ordered by the federal district court.

The defendants filed a combined motion to dismiss and motion for summary judgment, arguing, inter alia, that Geary was estopped from bringing the action because she failed to pay the attorney fees. The trial court dismissed Geary's claims of fraud, negligence, and breach of the FDCPA, ruling that they alleged the same facts as those in the federal complaint and that Geary was barred from filing them by her failure to pay attorney fees pursuant to the federal district court's order. The trial court granted summary judgment to the defendants on the claims of breach of the GRMA, theft, and punitive damages, ruling that Geary failed to submit evidence in support of those claims and that the claim for punitive damages could not survive standing alone. Finally, the court denied Geary's motion to compel discovery. Geary appeals. We affirm the grant of summary judgment on the GRMA, theft, and punitive damages claims. However, because Geary is entitled to a hearing to determine the amount of attorney fees reasonably incurred by the defendants in the federal action, we vacate the dismissal of her claims of fraud, negligence, and breach of the FDCPA and remand this case for a hearing on such attorney fees.

1. In her first and eighth enumerations of error, Geary asserts that the trial court's order violates the federal constitution. The record reveals, however, that Geary did not timely raise her constitutional argument below and failed to invoke any ruling thereon from the trial court. "A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there."[4] Therefore, these alleged errors have not been preserved for appellate review.

2. In her second and third enumerations of error, Geary asserts that her failure to pay attorney fees as ordered by the federal district court does not preclude this action because the claims are different. Geary concedes that while she might be barred from asserting another FDCPA claim against these defendants, her claims of fraud and negligence remain viable. We disagree. Like the federal complaint, the state complaint alleges wrongful foreclosure, bad faith, stubborn litigiousness, and FDCPA violations, even though one count is labeled fraud and another negligence. Furthermore, the federal judgment is fully enforceable in state court.

---

[4] (Citation and punctuation omitted.) *Watson v. Frnka*, 266 Ga. App. 64, 65 (596 SE2d 187) (2004).

Article VI of the United States Constitution provides that laws made under the authority of the United States shall be the supreme law of the land, and that the judges in every state are bound thereby. 28 USC § 1962 requires that federal court judgments be treated in the exact same manner as state court judgments.[5]

Nevertheless, Geary is entitled to a hearing to determine the amount of the attorney fees that she must pay to the defendants in order to proceed with the action. "A hearing *is* required in order to enter an award of attorney fees. That is because an oral hearing gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services."[6] In the case at bar, the district court ordered Geary to pay attorney fees reasonably incurred by the defendants in defending the federal lawsuit, but the court did not enter judgment for a specific amount of fees. We therefore vacate the dismissal of Geary's FDCPA, fraud, and negligence claims and remand the case as to those claims for a hearing to determine the defendants' reasonable attorney fees. Thereafter, unless Geary pays the fees, the claims discussed herein shall be subject to dismissal.

3. In her fourth enumeration of error, Geary contends that the trial court erred in granting summary judgment against her on the FDCPA, fraud, and negligence claims. This assertion is factually inaccurate. As stated above, the trial court dismissed the claims for nonpayment of attorney fees; it did not grant summary judgment on those claims.

4. In her fifth enumeration of error, Geary argues that the grant of summary judgment to the defendants on the claims of breach of the GRMA and damage to her personal property was premature because the trial court "never wrote a pretrial order requesting that the evidence be submitted to the court."

Geary misunderstands the rules of summary judgment. "When a prima facie showing is made that the moving party is entitled to judgment as a matter of law, the opposite party cannot rest upon the mere allegations in its pleadings, but must come forward with rebuttal evidence *at that time* or suffer a judgment against it."[7] OCGA § 7-1-1013 (6) of the GRMA prohibits any person transacting

---

[5] *Tunnelite, Inc. v. Estate of Sims*, 266 Ga. App. 476, 478 (1) (597 SE2d 555) (2004).

[6] (Citations omitted; emphasis in original.) *Evers v. Evers*, 277 Ga. 132 (1) (587 SE2d 22) (2003) (citing OCGA § 9-15-14). Accord *Note Purchase Co. of Ga. v. Brenda Lee Strickland Realty*, 288 Ga. App. 594, 596 (1) (654 SE2d 393) (2007).

[7] (Citations omitted; emphasis supplied.) *Threadmill, Ltd. v. First Union Nat. Bank of Ga.*, 207 Ga. App. 688 (1) (428 SE2d 685) (1993).

a mortgage business from "[e]ngag[ing] in any transaction, practice, or course of business which is not in good faith or fair dealing, or which operates a fraud upon any person, in connection with the attempted or actual making of, purchase of, transfer of, or sale of any mortgage loan."[8] Geary alleged in the complaint that Wilshire fraudulently assigned the security deed on her loan. Assuming, without deciding, that an "assignment" constitutes a "transfer" within the meaning of the GRMA, the defendants supported their motion for summary judgment on this issue with affidavits and other evidence in the record showing that the assignments of Geary's loan were not fraudulent or in bad faith. Although Geary filed a response to the defendants' motion, nothing therein shows that Wilshire violated the GRMA. Furthermore, Geary points to no evidence in the record to support a claim of damage to, or theft of, her personal property, and she "cannot simply rest on bald allegations to defeat summary judgment."[9] Finally, we will not consider Geary's assertion that Wilshire "[f]ail[ed] to disburse funds in accordance with a written commitment or agreement to make a mortgage loan," in breach of OCGA § 7-1-1013 (3), as she makes this argument for the first time on appeal.[10] The trial court did not err in granting summary judgment on these claims.

5. In her sixth and seventh enumerations of error, Geary challenges the denial of her motion to compel discovery. Our disposition of her claims renders her motion moot.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 22, 2009.

Eileen Geary, *pro se.*
McCurdy & Candler, Donald C. Suessmith, Jr., for appellees.

---

[8] See *Roylston v. Bank of America*, 290 Ga. App. 556, 558 (1) (a) (660 SE2d 412) (2008) (the GRMA does not apply to foreclosure sales).

[9] (Footnote omitted.) *Harris v. Gilmore*, 265 Ga. App. 841, 843 (2) (595 SE2d 651) (2004).

[10] See *Mulligan v. Security Bank of Bibb County*, 280 Ga. App. 248, 250-251 (2) (633 SE2d 629) (2006).