A99A2422. CARROLL COUNTY WATER AUTHORITY v. BUNCH et al.
(523 SE2d 412)

McMURRAY, Presiding Judge.

After successfully defending itself against fraud and Georgia Racketeer Influenced & Corrupt Organizations Act claims made by H. Gilbert Maddox, M.D., the Carroll County Water Authority filed a complaint for abusive litigation under OCGA § 51-7-80 et seq., naming as defendants Dr. Maddox and his counsel, appellee Gary Bunch, plus counsel's professional corporation, appellee Gary Bunch, P.C. The trial court granted summary judgment to attorney Bunch and his professional corporation because the Water Authority's ante litem notice failed to identify counsel as an intended defendant. The Water Authority appeals, contending in three related enumerations that the notice was sufficient and that the trial court misinterpreted both

the abusive litigation statute and the case law of this Court. *Held*:

The trial court correctly granted summary judgment to attorney Bunch and his professional corporation because the notice fails to identify them as intended defendants. The material facts are undisputed: The notice relied upon was sent through the U. S. Postal Service, return receipt requested, addressed to: "Dr. H. Gilbert Maddox, Jr., by and through his attorney of record, Gary Bunch. . . ." The notice recites:

> Dear Dr. Maddox: This letter is written . . . *to you* through your attorney of record. . . . This letter is written as notice *to you* pursuant to O.C.G.A. § 51-7-84 that the . . . Water Authority [believes] that the above-referenced civil action constitutes abusive litigation as defined in O.C.G.A. § 51-7-80 *et seq*. . . . [The] Water Authority is not a proper party . . . to . . . these claims . . . and *you* have failed in the requirements of law to . . . state such claims.

As can be seen, this letter does not express any intent to name Gary Bunch or Gary Bunch, P. C. as a defendant in any subsequent action for abusive litigation.

"Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts [with malice and without] substantial justification." OCGA § 51-7-81.

"As a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail . . . to *any person* against whom such injured person intends to assert a claim for abusive litigation." (Emphasis supplied.) OCGA § 51-7-84 (a).

> The statutory tort of abusive litigation is in derogation of the common law and its notice provisions are "strictly construed in order to accomplish its overriding purpose to give a prospective defendant the chance to change position and avoid liability[.] [Cits.]" *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 314 (2) (408 SE2d 125) (1991).

*Paino v. Connell*, 207 Ga. App. 553 (2) (428 SE2d 446). The result of strict judicial construction is that *every* person against whom an injured litigant would seek damages for abusive litigation must be given specific notice of that intent. The Water Authority's letter fails to specify attorney Bunch or Gary Bunch, P.C., as a party against whom damages for abusive litigation would be sought. "As a result, the letter[ ] did not meet the prerequisite of notice under the Code section." *Talbert v. Allstate Ins. Co.*, 200 Ga. App. at 314 (2), supra.

Compare *Owens v. Generali — U. S. Branch*, 224 Ga. App. 290, 292 (1) (480 SE2d 863), where that abusive litigation notice specified the client, the law firm, and the attorney by name. The trial court correctly granted summary judgment to Gary Bunch and his professional corporation.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 14, 1999 —
RECONSIDERATION DENIED OCTOBER 27, 1999.

*Johnson, Word & Simmons, William P. Johnson, Price, Pyles, Dangle, Parmer & Rooks, Thomas E. Parmer*, for appellant.
*Gary P. Bunch*, for appellees.