## A00A2577. McDONALD et al. v. DEPARTMENT OF TRANSPORTATION.
### (544 SE2d 747)

BLACKBURN, Chief Judge.

In this condemnation action, Maxine McDonald and John Robert McDonald appeal a jury's award to them of $96,500 as just compensation for the taking of 3.509 acres by the Georgia Department of Transportation (DOT). On appeal, the McDonalds contend that they are entitled to a new trial because the trial court made numerous errors in its instructions to the jury. For the reasons set forth below, we reverse.

Viewed in the light most favorable to the jury's verdict, the record shows that the McDonalds owned a certain 13.5-acre tract of land in Walker County. The McDonalds used this property to operate an automobile salvage yard. Although located in an area rezoned for residential use only, the McDonalds' property was "grandfathered," and the McDonalds were allowed to continue their business under the condition that they build a fence and plant shrubs to obscure the view of junked automobiles on their property.

On June 7, 1995, the DOT condemned 3.509 acres of the McDonalds' land in order to construct part of a limited access highway. Prior to the condemnation, the McDonalds had access to two county roads adjoining the property, Washington Road and Park City Road. After the condemnation, the McDonalds retained their frontage on Washington Road but lost all of their frontage on Park City Road.

The McDonalds disputed the DOT's estimate of $76,000 as just and adequate compensation, filed suit requesting actual and consequential damages, and received a jury verdict for $96,500. Dissatis-

fied with the amount of this award, the McDonalds now appeal, taking issue with the trial court's instructions to the jury.

As an initial matter, we must point out that the McDonalds inappropriately base their enumerations of error on the charges *requested* by the DOT rather than the charges *actually given* by the trial court. In fact, the McDonalds' enumerations use quotations from the requests rather than the transcript, and, in more than one case, the instructions about which they complain were actually given in a different form from that set forth in their enumerations. Furthermore, the McDonalds contend in one enumeration that the trial court failed to give an instruction which was indeed given to the jury in the exact form requested by the McDonalds. We condemn the McDonalds' failure to properly review the transcript in this case and their misrepresentations to this Court. And we strongly criticize the concomitant failure to supplement their brief to this Court to correct these egregious errors, some of which were clearly pointed out by the DOT in its reply brief. Nevertheless, we will address the substantive issues herein, based on a proper consideration of the transcript.

1. The McDonalds take issue with certain instructions given by the trial court, arguing that these instructions failed to properly take into account the fact that all frontage on Park City Road was removed.

As a general matter, "[a] request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." (Punctuation omitted.) *Dept. of Transp. v. Dalton Paving &c.*[1] Moreover, a charge must be "adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased so as to have [the] tendency to confuse and mislead the jury or to becloud the issues in the case." (Citations and punctuation omitted.) *Gen. Ins. Svcs. v. Marcola.*[2]

(a) The McDonalds contend that the trial court erred by charging the jury:

A property owner has a right of access to his property from a public street, and the owner cannot be deprived of his right of access without just and adequate compensation being paid. However, a property owner is not entitled to access to his land at all points on the boundary between the property and *all* streets, if entire access has not been cut off, and if he

---

[1] *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 225 (10) (b) (489 SE2d 329) (1997).

[2] *Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 147 (4) (497 SE2d 679) (1998).

is offered a convenient access to his property, then his means of entering and exiting the property have not been substantially interfered with and the property owner cannot recover consequential damages for the access to the property.

(Emphasis supplied.)

This charge does not accurately reflect the holding of the case from which it was taken, *Dept. of Transp. v. Pilgrim*,[3] and it is not properly adjusted to the facts of this case. In *Pilgrim*, the condemnee's commercial frontage along Spur 40 was partially taken, leaving some access to that road. To determine the consequential damage caused by this limited removal of access, the *Pilgrim* court charged the jury, in pertinent part: "[A] property owner is not entitled as against the public to access to his land at all points in the boundary between the property and *the street*, if entire access has not been cut off, and if he is offered a convenient access to his property." (Punctuation omitted; emphasis supplied.) Id. at 577 (1) (c). Therefore, contrary to the charge given by the trial court, *Pilgrim* does not govern a situation where entire access to a single street is removed although partial access to other streets remains. *Pilgrim*, instead, governs situations where partial access to a single public street occurs.

Cases such as the one at hand are analogous to *Dept. of Transp. v. Whitehead*.[4] In *Whitehead*, the condemnee's property had frontage on 19th Street and West Peachtree Street. The DOT condemned all of the condemnee's West Peachtree frontage but not the frontage on 19th Street. The condemnee sought consequential damages for the taking of his West Peachtree frontage, and our Supreme Court opined:

[T]he right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid. The easement consists of the right of egress from and ingress to the abutting public road and from there to the system of public roads. Since the easement is a property right, compensation for interference with the easement does not depend on the property owner's actual use of it at that time. Thus, the DOT deprived [the condemnee] of his easement of access onto the abutting Peachtree/West

---

[3] *Dept. of Transp. v. Pilgrim*, 175 Ga. App. 576 (333 SE2d 866) (1985).
[4] *Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984).

Peachtree Street, and must compensate him for the taking, irrespective of [the condemnee's] easement of access onto the abutting 19th Street. However, the jury should consider whether the owner has any alternative access, such as 19th Street in the instant case, when it determines the amount of damages, if any, to the owner due to the deprivation of one means of access to his property.

(Citations and punctuation omitted.) Id. at 151-152 (1).

Based on *Whitehead*, therefore, the jury in this case should have been instructed that the McDonalds' complete loss of access to Park City Road was a compensable taking and that damages, if any, would be mitigated by continued access to Washington Road. And, because the trial court instructed the jury that the taking of frontage along Park City Road was not compensable, the erroneous instruction must be considered a harmful error requiring reversal of the jury's verdict.

(b) The McDonalds contend that the trial court erred by charging the jury: "[C]hanges in the roadways which result in the public making a longer drive to reach remaining property are not an appropriate item of damages." We disagree.

Throughout their arguments, the McDonalds contended that the DOT's act of condemnation made travel from the highway by members of the public to their property more circuitous than it had previously been. As the evidence supported this charge, the trial court did not err in giving it.

2. The McDonalds contend that the trial court erred by charging the jury: "[L]oss of visibility of the property from the highway cannot be used as a consequential damage in determining any diminution in value in the remaining property of the defendants." We disagree.

In *Dept. of Transp. v. Kendricks*,[5] this Court found that evidence of loss of visibility may be admissible to establish damages for a loss of business, but it is not "proper if the issue [is] one of diminution in value to real estate." Id. at 247-248 (3). Prior to trial in this case, the McDonalds pointed out that they were not seeking business losses, only compensation for the real estate taken from them. They cannot, for the first time on appeal, make such losses an issue. Accordingly, the trial court did not err in instructing the jury that loss of visibility could not be considered in its determination of damages in this case.

3. Finally, the McDonalds argue that the trial court erred by failing to charge the jury:

A limited access highway is a special kind of highway provided for by law. A person ordinarily has the right of access

---

[5] *Dept. of Transp. v. Kendricks*, 148 Ga. App. 242 (250 SE2d 854) (1978).

to a public road or highway that goes through the person's property, that is, the right to go on or off the highway from or to the property, which is a property right, and which the person is entitled to be paid for if a condemnation takes away that right. This is not true as to a limited access highway, and the owner is not entitled to such payments for lack . . . or absence of access rights. If the construction of a limited access highway interferes with the owner's access right, the owner's right of access to an existing road would have to be taken into account, condemned and included in the owner's compensation for land actually taken.

The transcript shows that the trial court gave this instruction to the jury as requested. Therefore, this enumeration of error is patently unfounded.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 19, 2001 —
RECONSIDERATION DENIED FEBRUARY 1, 2001.

*Clifton M. Patty, Jr., Christopher C. Young,* for appellants.
*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Ronald R. Womack, John T. Siess,* for appellee.