**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 18, 2017**

# In the Court of Appeals of Georgia

A17A0173. CURRY v. DEPARTMENT OF TRANSPORTATION.

DILLARD, Presiding Judge.

In 2007, the Georgia Department of Transportation ("DOT") filed a petition in the Superior Court of Laurens County, under OCGA § 32-3-4, to condemn access rights to property owned by Christy Curry for the construction of a limited-access highway. Following trial, a jury awarded Curry $86,000 as "just compensation,"[1] and the trial court entered a judgment accordingly. Curry now appeals that award as inadequate and seeks a new trial, arguing that the trial court erred by instructing the

---

[1] U.S. CONST. amend. V; *see also* GA. CONST. Art. 1, Sec. 3, Para. I (a) ("Except as otherwise provided in this Paragraph, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."); *Horne v. Dep't of Agric.*, ___ U.S. ___, ___ (II) (A) (1) (135 SCt 2419, 192 LE2d 388) (2015) ("The principle reflected in the [Takings] Clause goes back at least 800 years to the Magna Carta . . . .").

jury on a means of determining consequential damages that was inaccurate as a matter of law and inapplicable to the facts of this case. For the reasons set forth *infra*, we affirm.

Construed in favor of the verdict,[2] the record shows that the subject property owned by Curry is located in Dublin, Laurens County, Georgia, at the intersection of Georgia Highway 257 and the Georgia Highway 441 Bypass. Prior to the construction of the 441 Bypass, the county road that crossed Highway 257 to form that intersection was known as Firetower Road. Also prior to the 441 Bypass construction, Highway 257 had been widened to a five-lane highway with a middle turn lane, and the DOT acquired both property and access rights from Curry at that time for the project.

On March 23, 2007, the DOT filed a condemnation petition to acquire all of Curry's access rights on Firetower Road, which constituted approximately 1,313 linear feet, in order to begin construction on the 441 Bypass, which was to be a limited-access highway. And indeed, it is undisputed—and was at the time—that after the acquisition, Curry would no longer have access to Firetower Road, as that road would cease to exist. At the same time that it filed its petition, the DOT paid into the

---

[2] *See, e.g.*, *Wood v. B & S Enters.*, 314 Ga. App. 128, 128 (723 SE2d 443) (2012).

trial court's registry $118,250, which it estimated as just and adequate compensation for Curry's access rights. Shortly thereafter, Curry filed an answer to the petition, contesting the adequacy of the compensation.

In 2015, the matter proceeded to a jury trial, focusing exclusively on the amount of just and adequate compensation to be paid to Curry for the acquisition of the access rights. During the trial, the DOT presented evidence demonstrating that Curry owned another tract of property on Highway 257, which adjoined the subject property, and that she had access to Highway 257 via both tracts. In addition, the DOT presented the testimony of a civil engineer, who testified regarding the scope of the project and its affect on Curry's access, and a real estate appraiser, who testified as to the value of Curry's property before and after the acquisition and opined that the diminution in value Curry suffered based on loss of access rights was $68,755. Curry, in turn, presented testimony from another real estate appraiser, who claimed that the acquisition resulted in the subject property suffering a diminution in value of $207,000, due to the fact that Curry could no longer access areas of her property that could be developed for commercial uses.

At the conclusion of the trial, the jury awarded Curry $86,000. And thus, because the DOT had initially paid $118,250 into the court's registry, the trial court entered judgment against Curry in the amount of $32,250.[3] This appeal follows.

In her sole enumeration of error, Curry contends that the trial court erred by instructing the jury on a means of determining consequential damages for loss of right of access that was inaccurate as a matter of law and inapplicable to the facts of this case. We disagree.

It is well established that a jury charge must "be adjusted to the evidence, apt, and a correct statement of the applicable law."[4] But jury charges cannot be construed in isolation. Instead, they must be "read and considered as a whole in determining

---

[3] *See Kellett v. Dep't of Transp.*, 174 Ga. App. 214, 216 (3) (329 SE2d 514) (1985) (noting that in a condemnation proceeding, the jury establishes the property's value and "[i]f it finds as fact that the condemnor underestimated the value of the land, the condemnor must pay more; if it finds as fact that the condemnor overestimated the value, the condemnee is not entitled to the proceeds of the government agency's mistake"); OCGA § 32-3-19 (b) ("After the verdict of the jury, the court shall . . . enter judgment in favor of the condemnee and against the condemnor in the amount of such verdict, together with the accrued court costs, which judgment shall be immediately credited with the sum of money deposited by the condemnor with the declaration of taking. . . .").

[4] *Boston Men's Health Ctr. v. Howard*, 311 Ga. App. 217, 221 (1) (715 SE2d 704) (2011) (emphasis and punctuation omitted); *accord Carrier Corp. v. Rollins, Inc.*, 316 Ga. App. 630, 635 (2) (730 SE2d 103) (2012).

whether the charge contained error."[5] Importantly, the review of an allegedly erroneous jury instruction is "a legal question, and we therefore owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[6] Bearing these guiding principles in mind, we turn now to Curry's specific claim of error.

In this matter, shortly after instructing the jury as to the parties' stipulation that the DOT had taken 1,313.26 linear feet of access rights from Curry, the trial court further instructed as follows:

> Now, the property rights taken in this case are access rights.
>
> And the damage in this case is called consequential damages and pertains to the property of the owner after access rights were acquired.
>
> The Condemnee is entitled to recover the difference in the fair market value of her property before and after the taking of her access rights.

Then, after explaining the concept of a limited-access highway under the law, the court provided the following instruction:

---

[5] *Evans v. Dep't of Transp.*, 331 Ga. App. 313, 321 (3) (771 SE2d 20) (2015) (punctuation omitted).

[6] *Boston Men's Health Ctr.*, 311 Ga. App. at 221 (1) (punctuation omitted).

5

If the construction of a limited-access highway interferes with the owner's access right, the owner's right of access to an existing road would have to be taken into account, condemned, and included in the owner's compensation.

Now, a property owner of land contiguous to a public road has "right to access or easement of access" of the road and he cannot be deprived of this right without just and adequate compensation being paid. This right of access consists of the right of egress and ingress to the abutting public road. However, *a property owner is not entitled to access at all points on the boundary between his property and the public right of way, but is entitled to convenient access. If the means of access are not substantially interfered with, the property owner is not entitled to consequential damages for loss of access. The measure of damages is any diminution to market value of the remaining property by reason of such interference. Whether there has been a substantial interference and any reduction in fair market value by reason of such interference is for you to determine.*

I charge you that where the owner of a property contends his right of access or easement of access to a public road has been deprived, you should consider whether the owner has any alternative access when you determine the amount of damages, if any, due to the deprivation or partial deprivation of a means of access to the property.

I charge you that in determining the access available to Condemnee's property, you may consider evidence of access to the

subject property from adjoining property owned by the Condemnee. Where the evidence shows that two parcels of land have (1) a unity of use, (2) are physically contiguous, and (3) have identical ownership, the other separate property may be considered when considering the access available to the Condemnee.

Both during the charge conference and after the court instructed the jury, Curry objected to the italicized language above in the charge as to consequential damages. Specifically, Curry contends that in *McDonald v. Department of Transportation*,[7] this Court held that providing this same charge in a case involving nearly identical facts constituted reversible error.

In *McDonald*, the DOT condemned part of the condemnee's land in order to construct a limited-access highway.[8] Prior to the condemnation, the condemnee had access to two county roads, Park City and Washington, adjoining the property.[9] But afterward, he lost all access to Park City Road.[10] On appeal of the adequacy of the

---

[7] 247 Ga. App. 763 (544 SE2d 747) (2001).

[8] *See id.* at 763.

[9] *See id.*

[10] *See id.*

compensation award, the condemnee argued that the trial court erred by charging the jury as follows:

> A property owner has a right of access to his property from a public street, and the owner cannot be deprived of his right of access without just and adequate compensation being paid. However, a property owner is not entitled to access to his land at all points on the boundary between the property and all streets, if entire access has not been cut off, and if he is offered a convenient access to his property, then his means of entering and exiting the property have not been substantially interfered with and the property owner cannot recover consequential damages for the access to the property.[11]

And finding that the charge did not govern a situation where entire access to a single street is removed although partial access to other streets remains, we held that the case was more analogous to the facts in *Department of Transportation v. Whitehead*,[12] in which the condemnee had frontage on 19th Street and West Peachtree Street but lost all access only to the latter after condemnation.[13] There, as we discussed, the Supreme Court of Georgia held that

---

[11] *Id.* at 764-65.

[12] 253 Ga. 150 (317 SE2d 542) (1984).

[13] *See McDonald*, 247 Ga. App. at 765 (1) (a).

the right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid. The easement consists of the right of egress from and ingress to the abutting public road and from there to the system of public roads. Since the easement is a property right, compensation for interference with the easement does not depend on the property owner's actual use of it at that time. Thus, the DOT deprived [the condemnee] of his easement of access onto the abutting Peachtree/West Peachtree Street, and must compensate him for the taking, irrespective of [the condemnee's] easement of access onto the abutting 19th Street. However, the jury should consider whether the owner has any alternative access, such as 19th Street in the instant case, when it determines the amount of damages, if any, to the owner due to the deprivation of one means of access to his property.[14]

Consequently, we held in *McDonald* that the jury should have been instructed that the condemnee's complete loss of access to Park City Road was a compensable taking and that damages, if any, would be mitigated by continued access to Washington Road.[15] And importantly, because the trial court instructed the jury that "the taking

---

[14] *Id.* at 765-66 (1) (a) (punctuation omitted) (quoting *Whitehead*, 253 Ga. at 151-52 (1)).

[15] *Id.* at 766 (1) (a).

of frontage along Park City Road was not compensable, the erroneous instruction must be considered a harmful error requiring reversal of the jury's verdict."[16]

As previously noted, Curry argues that the facts in this case are nearly identical to those at issue in *McDonald*, and thus, we should similarly hold that the trial court's jury instructions here on consequential damages for loss of right of access were inaccurate and amounted to reversible error. But while we agree that the facts at issue here are quite similar to those at issue in *McDonald*, the trial court's jury instructions in *this* matter were not. Indeed, although part of the trial court's charge in this proceeding incorporated the objectionable charge from *McDonald*, it also included much of the same language employed by our Supreme Court in *Whitehead* to explain that a condemnee must be compensated for loss of right of access to a public road but that, in determining damages, consideration can also be given to whether the condemnee has any alternative access,[17] which was in fact the case here. Furthermore, the trial court in this matter also instructed the jury that "[i]f the construction of a limited-access highway interferes with the owner's access right, the owner's right of access to an existing road would have to be taken into account, condemned, and

---

[16] *Id.*

[17] *See Whitehead*, 253 Ga. at 151-52 (1).

10

included in the owner's compensation," and that the proper measure of damages was the difference between the property's value before and after the condemnation. Given these particular circumstances, the trial court's jury instructions on determining consequential damages for loss of right of access, when viewed as a whole, were neither confusing nor misleading.[18] Moreover, Curry has failed to show how she was prejudiced by the allegedly objectionable portion of the instruction. Indeed, if the jury even considered the language stating "[i]f the means of access are not substantially interfered with the property owner is not entitled to consequential damages for loss of access[,]" it obviously rejected it, given that it awarded Curry a larger amount of

---

[18] *See Lewis v. Van Anda*, 282 Ga. 763, 767-68 (5) (653 SE2d 708) (2007) (holding that because trial court actually gave part of a jury charge that appellant claimed was improperly omitted and because remainder of court's charge adequately defined one of the legal terms at issue, the court's jury charge taken as a whole was not misleading and did not constitute reversible error); *Second Cont'l, Inc. v. Atlanta E-Z Builders, Inc.*, 237 Ga. App. 304, 308-09 (7) (514 SE2d 846) (1999) (holding that although portion of trial court's jury charge was inapplicable, any error in providing it was harmless in light of the fact that charge considered as a whole was not likely to confuse or mislead the jury).

compensation than the DOT argued was just and adequate.[19] Accordingly, the trial court did not commit reversible error in providing these instructions.

*Judgment affirmed. Ray and Self, JJ., concur.*

---

[19] *See Hancock v. Bryan Cty. Bd. of Ed.*, 240 Ga. App. 622, 624-25 (6) (522 SE2d 661) (1999) (holding that trial court's jury charge did not amount to reversible error given that plaintiff failed to show she was prejudiced by inapplicable portion of trial court's charge).