**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, P. J. and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 31, 2017**

# In the Court of Appeals of Georgia

A15A1282. LYMAN et al. v. CELLCHEM INTERNATIONAL, LLC.

RAY, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *Lyman v Cellchem International, Inc.*, 335 Ga. App. 266 (779 SE2d 474) (2015) ("*Lyman I*"), husband and wife Dale and Helen Lyman, Tritec International, Inc., and Shekoy Chemicals, Inc., appealed following a jury verdict awarding nearly $7.4 million, which included $5.1 million in punitive damages to Cellchem International, LLC ("Cellchem"). Cellchem had filed suit alleging, inter alia, computer trespass, computer theft, breach of fiduciary duty, and tortious interference with business relations. In pertinent part, we reversed the judgment against the appellants on Cellchem's tortious interference claim, id. at 272 (1) (c), and

remanded the case to the trial court for a new trial on punitive damages. Id. at 277 (4). We reasoned that both the unappealed verdict for breach of fiduciary duty, as well as the verdict related to violations of the Georgia Computer Systems Protection Act ("GCSPA"), see OCGA § 16-9-90 et seq., could support a claim for punitive damages. *Lyman I*, supra at 277 (4). However, because the general verdict form did not delineate the underlying theories upon which the jury based its punitive damages award, we reversed that award, and remanded the case for a new trial on the issue of punitive damages. Id.

The Supreme Court of Georgia granted certiorari to determine whether this Court "erred in holding that the GCSPA can authorize an award of punitive damages." *Lyman v. Cellchem International, Inc.*, 300 Ga. 475, 476 (796 SE2d 255) (2017) ("*Lyman II*"), citing OCGA § 16-9-93 (g), the civil damages provision of the GCSPA. The Supreme Court reversed our decision "with respect to the availability of punitive damages under the GCSPA," id. at 476, and in doing so overruled the case on which we relied, *Automated Drawing Systems, Inc. v. Integrated Network Svcs., Inc.*, 214 Ga. App. 122 (447 SE2d 109) (1994). See *Lyman II*, supra, at 479. The Supreme Court's opinion addresses Division 4 of *Lyman I*. As to the portions of our opinion which the Supreme Court neither addressed nor considered, these remain the

2

law of the case and we do not address them further. See *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001).

The Supreme Court's determination means that, as the case now stands, only the unappealed breach of fiduciary duty verdict could support a punitive damages award. See *Bunch v. Byington*, 292 Ga. App. 497, 504 (4) (664 SE2d 842) (2008) (breaches of fiduciary duty will support a punitive damages award). However, our original opinion remains intact in that it found that the trial court erred in denying the appellants' motions for a directed verdict and new trial on Cellchem's claim of tortious interference with business relations. *Lyman I*, supra at 267 (1). When the jury rendered its verdict, the tortious interference verdict, now reversed, also could have supported the jury's award of punitive damages. See *Second Continental, Inc. v. Atlanta E-Z Builders, Inc.*, 237 Ga. App. 304, 307 (4) (514 SE2d 846) (1999) (finding jury award of punitive damages authorized based on tortious interference with business relations). Because of this, it still is unclear, given the general verdict form, whether the jury based its punitive damages award in any part on the now-defunct tortious interference claim, or on the surviving breach of fiduciary duty verdict,[1] or

---

[1] We note that the jury's punitive damages award is allocated against both Lymans, Tritec International, Inc., and Shekoy Chemicals, Inc., as was its no-longer-extant tortious interference with business relations verdict. Its surviving breach of fiduciary duty verdict is against only Tritec and both Lymans.

both. Thus, we still must reverse the award of punitive damages and remand the matter to the trial court for a new trial on the issue of punitive damages. This new trial, in accordance with the Supreme Court's determination, should not involve consideration of any purported award related to violations of the GCSPA. *Lyman II*, supra at 476.

*Judgment reversed and case remanded. Barnes, P. J., and McMillian, J., concur*.